IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CYNTHIA VERDISE FULLER**                                         **PLAINTIFF**

**V.**                                            **CAUSE NO. 1:16-CV-14-GHD-DAS**

**ERIC SLOAN, in his Individual Capacity; and
MONROE COUNTY, MISSISSIPPI**                                     **DEFENDANTS**

### ANSWER AND AFFIRMATIVE DEFENSES

DEFENDANTS, individually and officially, by counsel, respectfully file their Answer and Affirmative Defenses in response to the Complaint filed herein by Plaintiff, as follows:

### FIRST AFFIRMATIVE DEFENSE

*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a cause of action as to these Defendants for which relief may be granted, including, but not limited to, the defense of qualified immunity as to the individual Defendants herein, named or unnamed. Further, the Complaint fails to state a claim against these Defendants upon which relief may be granted under Monell v. Dept. of Social Services, 436 U.S. 653 (1977). Plaintiff's Complaint should accordingly be dismissed. Defendants pray for an early determination of this issue in the interest of judicial economy.

### SECOND AFFIRMATIVE DEFENSE

*(Motion to Dismiss State Law Claims)*

Plaintiff's Complaint and all claims under state law asserted therein are barred under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.* §11-46-1 (Supp. 1997), *et seq*. Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be granted as to Defendants under the provisions of the Mississippi Tort Claims Act, *Miss. Code Ann.*

§11-46-9(1)(b),(c),(d),(e),(f),(h),(m) (Supp. 1997).   In addition, *Miss. Code Ann.* §§11-46-5 and §11-46-7 afford complete immunity to the individual Defendants.  Wherefore, all Defendants move for dismissal of Plaintiff's state law claims pursuant to Miss. R. Civ. Proc. Rule 12 (b) (6) and/or Rule 12 (c) in the alternative.  Defendants pray for an early determination of this issue in the interest of judicial economy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted against any Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Defendants assert the protections of the Mississippi apportionment statute, *Miss. Code Ann.* §85-5-7 (Supp 2003).

### FIFTH AFFIRMATIVE DEFENSE

The individual Defendants in this case are entitled to qualified immunity from Plaintiff's claims.  Each was at all times a pubic official in the course of his duties during the incident forming the basis of this lawsuit.  Neither engaged in any conduct, which deprived the Plaintiff of any right, privilege or immunity protected by the Constitution or Laws of the United States.  Additionally, the conduct of each of them was objectively reasonable in light of clearly established law at the time of his actions in this matter.  The actions of each of them were justified and arguably justifiable in light of the information he possessed and clearly established law.  As such, a reasonable officer could have believed that the actions of each Defendant lawful during the incident forming the basis of this lawsuit.

### SIXTH AFFIRMATIVE DEFENSE

With respect to Plaintiff's state law claims, Defendants claim the protection of the statutory exemptions from liability found in *Miss. Code Ann.* §11-46-9 (1999).  Alternatively, Defendants

claim the protection of governmental immunity and/or sovereign immunity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of the Defendant County was the moving force behind the alleged injuries of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's failure to allege violation of any duty by Defendants bars this cause of action.

## NINTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with the Defendant County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason Plaintiff's claims are barred.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendants by reason of the fact that any duty on the part of Defendants' officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of Defendants substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

### TWELFTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of Defendants breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason, Plaintiff's claims are barred.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the running of the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

The criminal conduct of Plaintiff and/or criminal acts of a third party constitute the sole proximate cause of any injuries he allegedly sustained and of any damages allegedly resulting therefrom. Moreover, the injuries/damages, if any, of Plaintiff were not foreseeable to these Defendants, and therefore, Plaintiff's claim as to these Defendants should be dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

The instant claim fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff which was caused by these Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

A governmental entity is only liable under Section 1983 for injuries caused by its policy or custom. Here, there is no identified policy or custom and at issue. The instant claims fail as a matter of law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

These Defendants further invoke the safeguards of the Equal Protection and Due Process clauses of the United States Constitution, Article 3, Section 14 of the Mississippi Constitution and

the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993).

## EIGHTEENTH AFFIRMATIVE DEFENSE

These Defendants are not responsible for any condition of the Plaintiff that pre-existed the events made the basis of this Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

**AND, NOW,** having asserted their affirmative defenses to the Complaint filed herein, and without waiving any such defenses, these Defendants answer the allegations of Plaintiff's Complaint as follows:

1. On information and belief Defendants admit those allegations of Paragraph 1 of the Complaint for which a response is required.

2. Defendant Sloan was at all relevant times a sworn Monroe County Deputy Sheriff. Monroe County is a Mississippi County. The remaining allegations of Paragraph 2 of the Complaint for which a response is required are denied.

3. On information and belief Defendants admit those allegations of Paragraph 3 of the Complaint for which a response is required.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Paragraph 23 of Plaintiff's Complaint is an incorrect statement of the law which requires no answer. To the extent Plaintiff's legal premise requires an answer it is denied.

24. Denied.

25. Denied.

26. Denied.

**AND NOW, HAVING FULLY ANSWERED** and asserted their Affirmative Defenses, the Defendants pray that this Court grant the following relief:

(A) That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act and Qualified Immunity;

(B) That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever;

(C) That this Court award this Defendant its attorney fees, costs and expenses associated

with the defense of the instant civil action pursuant to Rule 11, Fed. R. Civ. Proc. and prevailing party Attorney fees under 42 U.S.C.§1988.

    **RESPECTFULLY SUBMITTED** this the 16th day of March, 2016.

                            **DEFENDANTS**

                    By:  /s/ ***Daniel J. Griffith***
                          Daniel J. Griffith, MS Bar No. 8366
                          Attorney for Defendants, Eric Sloan, in his Individual Capacity, and Monroe County, Mississippi

Of Counsel:
**Griffith & Carr**
123 South Court Street
P.O. Drawer 1680
Cleveland, MS 38732
Phone: 662-843-6100
Fax: 662-843-8153
Cell: 662-721-7323
Email: danny@griffithcarr.com

**EFFECTIVE APRIL 1, 2016**

| | |
|---|---|
| **Firm Name** | **Jacks Griffith Luciano, P.A.** |
| **Firm Address** | P.O. Box 1209 |
| | 150 N. Sharpe Avenue |
| | Cleveland, MS 38732 |
| | Phone (662) 843-6171 |
| | Fax (662) 843-6176 |
| | Cell (662) 721-7323 |
| | Email danny.griffith@jlpalaw.com |

## **CERTIFICATE OF SERVICE**

      I, Daniel J. Griffith, attorney of record for Defendants Eric Sloan, in his Individual Capacity, and Monroe County, Mississippi, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer* to be delivered by the ECF Filing System which gave notice to the following Counsel of Record:

                             Jim D. Waide, III, Esq.
                             WAIDE & ASSOCIATES, PA
                             P. O. Box 1357
                             Tupelo, MS 38802-1357
                             Phone: 662-842-7324
                             Fax: 662-842-8056
                             Email: waide@waidelaw.com

      **DATED** this 16TH day of March, 2016.

                             /s/ ***Daniel J. Griffith***
                             Daniel J. Griffith