IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**CYNTHIA VERDISE FULLER**                                    **PLAINTIFF**

**V.**                          **CAUSE NO. 1:16-CV-14-GHD-DAS**

**ERIC SLOAN, in his Individual Capacity; and**
**MONROE COUNTY, MISSISSIPPI**                        **DEFENDANTS**

### DEFENDANTS' REPLY IN SUPPORT OF MOTION SUMMARY JUDGMENT

**COME NOW** the Defendants, **ERIC SLOAN, IN HIS INDIVIDUAL CAPACITY AND MONROE COUNTY, MISSISSIPPI,** by and through counsel, and file this Reply in Support of Motion for Summary Judgment [Doc. 42] and in support thereof, state as follows:

**1. SUMMATION**.

Plainly stated, Plaintiff was arrested when illegal drugs and a weapon were found in an area of the searched premises with her personal belongings. Plaintiff admittedly described this premises as a place where she kept a substantial amount of her personal belongings, medications, clothes, and resided, part time, with her boyfriend, Unseld Parks. A justice court judge found probable cause at Plaintiff Fuller's initial appearance. The case against Fuller was presented to the grand jury by the district attorney, and a grand jury indicted her. The prosecuting attorney has given an affidavit which eliminates any issue of taint. None of these established facts are controverted.

In her response, Plaintiff offers post hoc arguments and statements of personal attack on Defendant Eric Sloan which do nothing to create an objectively unreasonable arrest under the Fourth Amendment nor a genuine issue of material fact. It is undisputed that the controlling Fifth Circuit application of the independent intermediary doctrine effectively breaks the causal chain for such a violation, if one were to exist. Beyond this, neither qualified immunity for Sloan nor summary

judgment for Monroe County are genuinely contested.[1]

## 2. QUALIFIED IMMUNITY AND PROBABLE CAUSE.

Defendant Sloan is "entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest the defendant."[2] Plaintiff Fuller's attacks on Defendant Sloan are essentially (disputed) allegations that he is a racist[3] or someone else later took the blame for the contraband and that documentation existed to show that Fuller had established a new address as of the time of her arrest. Although inappropriate if true, a racial slur does nothing to establish or diminish probable cause under the applicable objective standard which must apply here.[4] That is, the objective facts, known to the arresting officer, are measured at the time of the arrest.[5] Moreover,

---

[1] Indeed, Plaintiff has conceded that summary judgment is proper as to Monroe County.

[2] Jackson v. Jackson County, 956 F. Supp. 1294 (S.D. Miss. 1995)(*Judgment affirmed*, 95 F.3d 47.).

[3] McBride v. Davis, 2014 WL 232066, at *7 (S.D. Miss. Jan. 22, 2014)("[T]here is no private cause of action for racial slurs."); Williams v. Bramer, 180 F.3d 699, 706 (5th Cir.)("We hold today that an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation."), decision clarified on reh'g, 186 F.3d 633 (5th Cir. 1999) ("On rehearing, Bramer is quite correct that his subjective intent is irrelevant to the Fourth Amendment analysis.").

[4] Devenpeck v. Alford, 543 U.S. 146, 152-53 (2004) ("Whether probable cause exists depends upon the reasonable conclusion to be drawn from the *facts known to the arresting officer at the time of the arrest*," and "[o]ur cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."), U.S. McCowan, 469 F.3d 386 (5th Cir. 2006) (citing U.S. v. Ramirez, 145 F.3d 345, 352 (5th Cir. 1998) ("Probable cause exists when the totality of the facts and circumstances *within a police officer's knowledge at the moment of arrest* are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense"), Harris v. Southaven, Miss., 2007 WL 188112, *3 (N.D. Miss. 2007) ("[L]ooking at the totality of the circumstances *at the time of this incident*, the officers had probable cause to detain or arrest the Plaintiff").

[5] *Id.*

2

Plaintiff Fuller offers no authority to support the premise that Defendant Sloan had a duty to go track down exculpatory evidence when the weed was found in her panty drawer.[6] Absent this authority, Plaintiff's unfounded arguments are insufficient to defeat a motion for summary judgment.

### 3. INDEPENDENT INTERMEDIARY

Summary Judgment is also proper as Plaintiff Fuller ignores that a justice court judge conducted a probable cause determination soon after the arrest and found that probable cause existed. The focus of her independent intermediary argument is attacking the status of the grand jury as an independent intermediary,[7] a point well established as a matter of law in the Fifth Circuit.[8] As is recognized by the Plaintiff and was recently announced by the Court in *Buehler v. City of Austin*, 824 F.3d 548, 554 (5th Cir. 2016), the independent intermediary doctrine applies even to a post-arrest indictment, such as the one in this case. Until *Hand v. Gary*, 838 F.2d 1420 (5th Cir. 1998) and its

---

[6]Ellis v. Vance, 2017 WL 29020, at *8 (N.D. Miss. Jan. 3, 2017)("This court does not intend to delve any further into the "what ifs" relating to the video, particularly since plaintiff offers no federal authority which "clearly established" that Deputy White was required to view it before arresting her. Such authority is essential for a plaintiff to hold Deputy White individually liable, since the qualified immunity standard prevents officers from being held individually liable unless they had "a fair notice"that they were violating the U.S. Constitution or some other federal law.").

[7]As an interesting, and relevant, point of law, in Cuadra v. Houston Independent School Dist., 626 F.3d 808, 813 (5th Cir. 2010), the Fifth Circuit held that a district attorney may also qualify as an independent intermediary. *See also* M.R.P.C. 3.8(a) ("The prosecutor in a criminal case shall refrain from prosecuting a charge that the prosecutor knows is not supported by probable case"). Fuller does not take issue with the fact that the case against her was presented to the grand jury by the district attorney's office, neither does she allege that the district attorney was mislead in pursuing the case.

[8]Russell v. Altom, 546 Fed. Appx. 432, 436 (5th Cir. 2013) ("A grand jury indictment is sufficient to establish probable cause"), *see also* Gerstein v. Pugh, 420 U.S. 103, 117 n19 (1975), (citing Ex parte U.S., 287 U.S. 241, 250 (1932) ("[A]n indictment, 'fair upon its face,' and returned by a 'properly constituted grand jury,' conclusively determines the existence of probable cause").

3

progeny are reversed or overturned, the independent intermediary doctrine applies.

Importantly, Plaintiff Fuller has not, and is unable to, presented any relevant and/or credible evidence that the grand jury was mislead and/or tainted. Instead, Plaintiff offers supposition and possibility as to what may have happened by the grand jury. Nothing has been attached to the Plaintiff's response, as indeed, they have no specific, relevant, or credible proof to offer in support of their argument. As such, summary judgment for the Defendants is proper.

**WHEREFORE, DEFENDANTS RESPECTFULLY PRAY** as follows:

1. That this Court find and determine that no genuine issue of disputed material facts exists as to the legal issues raised in this motion.

2. That the Court find and determine that each Defendant is entitled to summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure; and

3. That this Court enter a Final Judgment in favor of each Defendant with all costs assessed to Plaintiff.

**RESPECTFULLY SUBMITTED** this the 20TH day of February, 2017.

> *JACKS | GRIFFITH | LUCIANO, P.A.*
> Attorney for Defendants
>
> By: */s/ Arnold U. Luciano*
> Arnold U. Luciano, MS Bar No. 99198
> JACKS GRIFFITH LUCIANO, P.A.
> P. O. Box 1209
> Cleveland, MS 38732
> Phone No. 662-843-6171
> Fax No. 662-843-6176
> aluciano@jlpalaw.com

## **CERTIFICATE OF SERVICE**

I, Arnold U. Luciano, attorney of record for Defendants Eric Sloan, in his Individual Capacity, and Monroe County, Mississippi, do hereby certify that I have this day caused a true and correct copy of the above and foregoing Memorandum Brief in Support of its Motion for Summary Judgment to be delivered by the ECF Filing System which gave notice to the following Counsel of Record:

>Jim D. Waide, III, Esq.
>WAIDE & ASSOCIATES, PA
>P. O. Box 1357
>Tupelo, MS 38802-1357
>Phone: 662-842-7324
>Email: waide@waidelaw.com
>
>R. Shane McLaughlin
>MCLAUGHLIN LAW FIRM
>P.O. Box 200
>Tupelo, MS 388032-0200
>Telephone: (662) 840-5042
>Email: rsm@mclaughlinlawfirm.com

DATED this 20th day of February, 2017.

>*/s/ Arnold U. Luciano*
>Arnold U. Luciano